## HART v. HOYT et al.

### Sac. No. 978; September 12, 1902.

#### 70 Pac. 19.

**Water Rights—Trespass—Prescription.—It is Immaterial That the Quantity** of water owned by defendant and conducted through the ditch to her land is left indefinite by the evidence, in an action for trespass, where defendant justified under a prescriptive right to the use of a ditch across plaintiff's land as a conduit of water to her lands, and a right of entry for repairing it.

APPEAL from Superior Court, Siskiyou County; J. S. Beard, Judge.

Action by E. C. Hart against Elizabeth Hoyt and others. Judgment for defendants. Plaintiff appeals. Affirmed.

Gillis & Tapscott for appellant; Warren & Taylor for respondents.

SMITH, C.—This is a suit for trespass on plaintiff's land. The defendant Mrs. Hoyt justifies under an alleged prescriptive right to the use of a ditch across plaintiff's place as a conduit of water to her lands, and a right of entry for repairing the same. The other defendants justify as her servants. The case was tried by a jury, whose verdict was for defendants, and judgment was accordingly entered in their favor. The plaintiff appeals from the judgment and from an order denying his motion for a new trial. The main question involved is as to the sufficiency of the evidence of Mrs. Hoyt's alleged right of entry to justify the verdict. The plaintiff's lands lie to the eastward of those of Mrs. Hoyt, and the ditch in question runs westerly through the lands of the plaintiff, and at the present time to and upon her lands. Formerly, according to the testimony of plaintiff's witnesses, the ditch did not quite reach the land of Mrs. Hoyt; but there is evidence tending to show the contrary. There is also evidence tending to show that Mrs. Hoyt is the owner of water from the Shasta river, flowing in a ditch to the eastward of plaintiff's lands, known as the Miller, Casedy and Hoyt ditch, which for many years she has been conducting to her lands through the ditch in question. Nor is it material to the issues in this case that the quantity of water thus owned by her, and conducted through the ditch to her land, is left indefinite by the evidence. We think, therefore, that the jury was justified in finding that she had acquired a prescriptive right to the use of the ditch.

As to entries on plaintiff's lands, made by her, in the exercise of her right, for the purpose of repairing the ditch, the evidence on her part is somewhat meager, and is stoutly contradicted by the plaintiff and his witnesses. But assuming, for the purposes of the decision, that the right to the use of the ditch would not imply the right of entry to repair it, she testifies unequivocally that she and her husband, who was her predecessor in title, have been using the ditch since 1864 or 1865, and have habitually sent men onto plaintiff's

land to clean it out whenever necessary; and her testimony is strongly confirmed by her habitual use of the ditch, which, it appears from the evidence, required frequent repairing. We cannot say, therefore, that the verdict of the jury was not justified by the evidence.

Objection is made by the appellant to several rulings of the court with regard to evidence, but none of these seem to be of sufficient importance to require consideration.

We advise that the judgment and order appealed from be affirmed.

We concur: Gray, C.; Chipman, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.